IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 4:25-cv-00010 <br>) |
| v. | ) **COMPLAINT** <br>) |
| GENERAL MOTORS, LLC, | )<br>) |
| Defendant, | )<br>) |
| and | )<br>) |
| INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

**NATURE OF THE ACTION**

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to a class of individuals who were denied certain benefits because of age. As alleged with greater particularity below, Defendants General Motors, LLC, and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, jointly instituted a sickness-and-accident-benefits policy that reduces benefits paid to employees who receive old-age Social Security retirement benefits. In doing so, they have deprived a class of individuals aged 66

and older of equal terms, conditions, or privileges of employment based on age, in violation of the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division, as well as other jurisdictions.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant General Motors, LLC, a Delaware limited liability company, has continuously been doing business in the State of

Indiana and the City of Bedford, Indiana, and has continuously had at least 20 employees.

5. At all relevant times, Defendant General Motors, LLC, has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

6. At all relevant times, Defendant International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"), has continuously been an employee representation association that deals with employers concerning terms and conditions of employment and has continuously had at least 25 members. At all relevant times, UAW has been the recognized collective bargaining representative for employees of Defendant General Motors.

7. At all relevant times, Defendant UAW has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 11(d) and (e) of the ADEA, 29 U.S.C. §§ 630(d) and (e).

8. In the alternative, Defendant UAW is a party to a collective bargaining agreement with Defendant General Motors, LLC, and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

## CONCILIATION

9. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of

conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

10. Since at least October 16, 2019, Defendants General Motors, LLC, and UAW have engaged in unlawful employment practices in at least fifty General Motors facilities nationwide, in violation of Sections 4(a)(1) and (c)(3) of the ADEA, 29 U.S.C. §§ 623(a)(1) and (c)(3).

   a. Since at least October 16, 2019, Defendants have been parties to a collective bargaining agreement that includes a Supplemental Agreement Covering Life and Disability Benefit Program ("Supplemental Agreement").

   b. Article II of the Supplemental Agreement provides weekly Sickness and Accident Benefits to employees who are unable to work during a time of sickness or injury.

   c. However, Article II provides that Sickness and Accident Benefits otherwise payable shall be reduced by the weekly equivalent of any Social Security retirement insurance benefits to which the employee is entitled for the same period, except retirement benefits reduced because of the age at which received.

   d. Pursuant to Article II, Defendant General Motors, LLC, has reduced, and continues to reduce, Sickness and Accident Benefits otherwise payable to employees receiving unreduced Social Security retirement

      benefits.

    e.  Defendant General Motors, LLC, has not similarly reduced, and does not similarly reduce, the Sickness and Accident Benefits of employees under age 66 for collateral income unrelated to their medical condition.

    f.  By bargaining for, and agreeing to, the terms of Article II of the Supplemental Agreement, Defendant UAW has caused Defendant General Motors, LLC, to engage in the acts described in Paragraph 10(d).

11.    The effect of the practices complained of in Paragraph 10 above has been and continues to be to deprive a class of employees aged 66 and over of equal compensation, terms, conditions, or privileges because of their age. The class of employees may include, but is not limited to, all those individuals named in Appendix A, attached hereto.

12.    The unlawful employment practices complained of in Paragraph 10 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant General Motors, LLC, and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from reducing or denying Sickness and

5

Accident Benefits to otherwise eligible employees aged 66 or older who receive full Social Security retirement benefits.

B.  Grant a permanent injunction enjoining Defendant UAW and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from causing Defendant General Motors, LLC, to reduce or deny Sickness and Accident Benefits to otherwise eligible employees aged 66 or older who receive full Social Security retirement benefits.

C.  Order Defendant General Motors, LLC, to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older and that eradicate the effects of their past and present unlawful employment practices.

D.  Order Defendant UAW to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older and that eradicate the effects of their past and present unlawful employment practices.

E.  Grant a judgment requiring Defendant General Motors, LLC, to pay appropriate back benefits in an amount to be determined at trial and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to a class of individuals, aged 66 and older, who receive Social Security retirement benefits and whose Sickness and Accident benefits are being unlawfully withheld as a result of the acts complained of above, including but not limited those employees named in Appendix A.

F.  Grant a judgment requiring Defendant UAW to pay appropriate back benefits in an amount to be determined at trial and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to a class of individuals, aged 66 and older, who receive Social Security retirement benefits and whose Sickness and Accident benefits are being unlawfully withheld as a result of the acts complained of above, including but not limited those employees named in Appendix A.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

/s/ Kenneth Bird
Kenneth Bird, Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
115 W. Washington St.
South Tower, Suite 600
Indianapolis, IN 46204
(463) 999-1163
kenneth.bird@eeoc.gov

/s/ Alysia Robben
Alysia Robben, Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King Jr. Place
Suite 268
Louisville, Kentucky 40202
(502) 694-3976 (direct)
(502) 582-5435 (fax)
alysia.robben@eeoc.gov