**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
        Plaintiff, )
)
        v. )    Case No. 4:25-cv-00010-TWP-KMB
)
GENERAL MOTORS, LLC, )
INTERNATIONAL UNION, UNITED )
AUTOMOBILE, AEROSPACE & )
AGRICULTURAL IMPLEMENT WORKERS OF )
AMERICA, )
)
        Defendants. )

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss (Filing No. 30) filed by Defendant

General Motors, LLC ("GM"). Plaintiff Equal Employment Opportunity Commission ("EEOC")

initiated this action alleging that GM and Defendant International Union, United Automobile,

Aerospace and Agricultural Implement Workers of America ("UAW") violated Sections 4(a)(1)

and (c)(3) of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 623(a)(1) and

(c)(3) (Filing No. 23). For the reasons discussed below, GM's Motion is **denied**.

### I.      BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a

motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all

inferences in favor of EEOC as the non-moving party. *See Bielanski v. Cnty. of Kane*, 550 F.3d

632, 633 (7th Cir. 2008).

Since at least October 16, 2019, GM and UAW (together, "Defendants") have been parties

to a collective bargaining agreement that includes a Supplemental Agreement Covering Life and

Disability Benefits Program (the "Supplemental Agreement") (Filing No. 23 at 4). Article II, Section 6 of the Supplemental Agreement provides weekly Sickness and Accident benefits to employees who are unable to work during a time of sickness or injury. *Id*. However, Section 6(h) of Article II provides that Sickness and Accident benefits otherwise payable shall be reduced— also known as "offset"—by the weekly equivalent of any Social Security retirement insurance benefits to which the employee is entitled for the same period, except retirement benefits reduced because of the age at which received. *Id*.

Social Security retirement insurance benefits are paid through a federal social insurance program that is administered by the Social Security Administration and funded by payroll taxes. *Id*. at 5. The Social Security retirement program is not a GM-sponsored pension plan. *Id*. Rather, Social Security retirement insurance benefits are earned by individuals who have paid into the Social Security program over the course of at least 40 quarters of employment, with any employer. *Id*. Such individuals are entitled to full, non-reduced Social Security retirement insurance benefits when they reach "retirement age." *Id*.

During the period of October 16, 2019, to the present, the applicable "retirement age" to receive full, nonreduced Social Security retirement benefits was no less than age 66. *Id*. Individuals aged 62 and older who are eligible for Social Security retirement benefits may elect to claim the benefits before reaching "retirement age," but the benefits will be reduced based on the individual's age at which the benefits are claimed. *Id*.

Since October 16, 2019, until the present, all GM employees entitled to full, non-reduced Social Security retirement benefits have been aged 66 or older. *Id*. During this same period, only employees who were aged 66 or older, and no younger employees, were subject to the offset of their Sickness and Accident benefits due to receipt of Social Security retirement insurance benefits.

*Id*. The Defendants knew when adopting the Supplemental Agreement that Social Security retirement benefits are paid based on an individual's age and that only employees aged 66 and older would be subject to the offset listed in Section 6(h) of Article II. *Id*.

Article II also provides that Sickness and Accident benefits are offset by replacement income that an employee receives on account of their disability-related inability to work such as workers compensation and Social Security Disability Insurance benefits. *Id*. The Supplemental Agreement does not reduce or offset an employee's Sickness and Accident benefits based on income from a second job, pension payments from a prior employer, investment income, or any other collateral income unrelated to the employee's medical leave of absence. *Id*.

The EEOC filed their Complaint on January 17, 2025 (Filing No. 1). GM subsequently filed its first motion to dismiss, (Filing No. 20), but before the Court could rule on that motion, the EEOC filed their Amended Complaint which is now the operative pleading (Filing No. 23).

This case was briefly stayed via an unopposed motion filed by EEOC as the government shutdown beginning at midnight on September 30, 2025, causing the EEOC to be shut down as well (Filing No. 43). The EEOC then filed an unopposed motion to lift the stay on Nov 17, 2025, (Filing No. 45), which the Court granted the following day (Filing No. 46). This matter is now ripe for the Court's review.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633; *Cozzi Iron & Metal*, 250 F.3d at 574 (similar standard for dismissal of a counterclaim). However, courts

"are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). Moreover, Federal Rule of Civil Procedure 12(c) permits the moving party to move for judgment on the pleadings after the pleadings are closed and before trial. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### III.   DISCUSSION

The EEOC's sole claim is still that GM's and the UAW's Sickness and Accident Benefits program offsets the receipt of Sickness and Accident Benefits against an employee's receipt of full Social Security Retirement Benefits based on age in violation of the ADEA.

"Congress enacted the ADEA in 1967 to 'promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment.'" *Carson v. Lake Cnty., Indiana*, 865 F.3d 526, 532 (7th Cir. 2017) (quoting 29 U.S.C. § 621(b) (alteration in original). The statute makes is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *Id*. (quoting 29 U.S.C. § 623(a)(1)) (internal quotation marks omitted).

"By its terms the ADEA proscribes disparate treatment, where 'liability depends on whether the protected trait . . . actually motivated the employer's [adverse] decision.'" *Id*. (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). "The Supreme Court has held that disparate impact claims are also cognizable under the ADEA." *Id*. (citing *Smith v. City of Jackson*, 544 U.S. 228, 240 (2005)). "Claims of disparate treatment may be distinguished from claims that stress 'disparate impact' in that the latter involve employment practices that are facially neutral in their treatment of different groups but that . . . fall more harshly on one group than another and cannot be justified by business necessity." *Id*. (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 355 n.15 (1977)).

GM contends that EEOC's Amended Complaint fails to state a claim under either a disparate impact or a disparate treatment theory of liability and thus, should be dismissed with

prejudice (Filing No. 31 at 19). The EEOC clarifies in their response brief that they do not allege a disparate impact claim but rather, solely allege a disparate treatment claim (Filing No. 37 at 7 n.2). Accordingly, the Court will address only GM's arguments concerning disparate treatment.

A.      **Disparate Treatment**

"A plaintiff seeking to recover for disparate treatment under the ADEA must 'prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action.'" *Carson*, 865 F.3d at 532 (quoting *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 180 (2009) and citing *Fleishman v. Continental Casualty Co.*, 698 F.3d 598, 603 (7th Cir. 2012)). An ADEA plaintiff "need not prove that age was the sole motivation underlying an adverse action[,] [b]ut the plaintiff must show that age was a determining factor or a but for element in the decision." *Id*. (internal quotation marks and citation omitted).

"An ADEA plaintiff may proceed by introducing direct or circumstantial evidence that her employer took an adverse action against her because of her age." *Id*. (citation omitted). Alternatively, a plaintiff may proceed through the burden-shifting framework created from *Mcdonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this approach, a plaintiff must show that "(1) she is a member of a protected class, (2) she was meeting the defendant's legitimate expectations, (3) she suffered an adverse employment action, and (4) similarly situated employees who were not members of her protected class were treated more favorably." *Simpson v. Franciscan Alliance, Inc.*, 827 F.3d 656, 661 (7th Cir. 2016). If the plaintiff can establish a prima facie case, the burden then shifts "to the defendant to 'articulate a legitimate, nondiscriminatory reason for the adverse employment action, at which point the burden shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual.'" *Id*. (citation omitted).

GM argues that age cannot be the "but-for" cause for the challenged employment action but rather it is the receipt of full Social Security Retirement benefits (Filing No. 31 at 10). Specifically, GM argues that the government, not GM, determines the parameters of Social Security retirement benefit eligibility. GM contends that the offset is based on *benefit eligibility* determined by the Federal Government, and United States Supreme Court and Seventh Circuit precedent squarely hold that offsets based on benefit eligibility are not a proxy for age. *Id*. at 11.

In their response, the EEOC persuasively argues that at the pleading stage they are not required to prove that age was a "but-for" cause (Filing No. 37 at 4). Instead, with age discrimination claims, a plaintiff need only allege an adverse action and that the action was taken "because of age." *Id*. (citing *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 Fed. App's 826, 828 (7th Cir. 2017) (denying motion to dismiss age complaint)). EEOC contends they have pleaded facts that plausibly allege GM adopted and implemented a benefit plan that, on its face, denies benefits to employees on the basis of age and treats older workers differently than younger workers (Filing No. 37 at 5). They contend that the plan reduces or offsets Sickness and Accident benefits for employees who receive full Social Security retirement insurance benefits and thus, the plan facially discriminates by lowering the benefits paid to employees who receive an age-based government benefit. The EEOC contends that this is sufficient because "[w]hen a policy is discriminatory on its face, 'intent to discriminate can be presumed.'" *Id*. (quoting *Kentucky Retirement Systems v. E.E.O.C.*, 554 U.S. 135, 146–148 (2008)). The Court agrees.

EEOC alleges facts which plausibly state a claim for age discrimination in violation of the ADEA. The EEOC alleges that GM adopted a Supplemental Agreement which reduces Sickness and Accident benefits for individuals who receive full Social Security retirement benefit which is an age-based government benefit.  EEOC alleges that GM knew the offset would apply only to

workers aged 66 and older. The EEOC has plausibly stated a claim upon which relief can be granted by alleging that workers aged 66 and older received a reduction in their Sickness and Accident benefits "because of [their] age." *Carson*, 865 F.3d at 532.

GM contends that its plan discriminates based on benefit eligibility and therefore cannot be considered an adverse action "because of age," citing the Supreme Court's decisions in *Hazen Paper Co.*, 507 U.S. 604, and *Kentucky Retirement Systems*, 554 U.S. 135, as well as the Seventh Circuit's decision in *Carson*, 865 F.3d 526. But these cases are highly fact-intensive and based on a full record, either through summary judgment or trial. Moreover, as the Court will discuss further below, GM's assertion that "United States Supreme Court and Seventh Circuit precedent squarely hold that offsets based on benefit eligibility are not a proxy for age," (Filing No. 31 at 11), is not correct. Such a reading is an overextension of the cases and their holdings.

In *Hazen Paper Co.*, the Supreme Court rejected an ADEA claim brought by a plaintiff who was fired right before the expiration of the ten-year vesting period for his pension benefits. 507 U.S. at 611 (vacating and remanding a First Circuit decision which affirmed in part and reversed in part the district court's denial of a judgment notwithstanding the verdict as to the ADEA claim). The Supreme Court reasoned that because "age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of services is necessarily 'age based.'" *Id*. However, the Supreme Court "left open the possibility that an employer could violate the ADEA if the employer treated pension status as a proxy for age, 'in the sense that the employer may suppose a correlation between the two factors and act accordingly.'" *Carson*, 865 F.3d at 534 (quoting *Hazen Paper Co.*, 507 U.S. at 613).

Similarly, in *Kentucky Retirement Systems*, the Supreme Court reversed a Sixth Circuit decision which reversed the district court's granting of summary judgment in favor of a retirement plan and against the EEOC. 554 U.S. at 148. The Supreme Court concluded that an employer who adopts a pension plan that includes age as a factor and then treats employees differently based on pension status was not discrimination based on age. *Id*. However, the Supreme Court stated that its conclusion was based on the specific factual circumstances of that case, which, taken together, convinced the Supreme Court that, "in [that] particular instance," differences in treatment were not "actually motivated" by age. *Id*. at 143.

Moreover, the Supreme Court specifically stated that its opinion "in no way unsettles the rule that a statute or policy that facially discriminates based on age suffices to show disparate treatment under the ADEA. We are dealing today with the quite special case of differential treatment based on *pension status*." *Id*. at 147–48. The Supreme Court reiterated that "the rule we adopt today for dealing with this sort of case is clear: Where an employer adopts a pension plan that includes age as a factor, and that employer then treats employees differently based on pension status, a plaintiff, to state a disparate-treatment claim under the ADEA, must adduce sufficient evidence to show that the differential treatment was "actually motivated" by *age,* not pension status." *Id*. at 148. The Supreme Court confirmed that its discussion of the relevant factors led to its conclusion that the EEOC failed to make the requisite showing in that case, but that such factors provide "an indication of what a plaintiff might show in other cases to meet his burden of proving that differential treatment based on pension status is in fact discrimination 'because of' age." *Id*.

Next, in *Carson*, the Seventh Circuit affirmed a district court's granting of a cross-motion for summary judgment in favor of the county reasoning that the county did not fire a group of rehired retirees because of their age. 865 F.3d at 535. However, the Seventh Circuit specifically

stated that a policy which affects different age groups differently is a "fact-sensitive" question. *Id*. at 534.

As evidenced by the discussion of the cases cited above, neither the United States Supreme Court nor the Seventh Circuit have elucidated any sort of sweeping holding or rule that offsets based on benefit eligibility are not a proxy for age, and GM's claims to the contrary are misguided. Rather, the Supreme Court and Seventh Circuit, after reviewing a developed record either through summary judgment or trial, have indicated these types of cases are highly fact-intensive and require courts to evaluate factors to determine whether the adverse action was taken because of age. The Supreme Court's opinion in *Kentucky Retirement Systems*, did not unsettle the rule that policies that facially discriminate based on age are sufficient to show disparate treatment under the ADEA. 554 U.S. at 147–48. That is the case here.

While GM argues that its discrimination is based on benefit eligibility which individuals elect, such arguments are better suited for summary judgment. Accordingly, nothing in these cases precludes the EEOC's Amended Complaint from proceeding to the summary judgment stage and the Court need not delve into whether the case before it is more akin to any of the cases listed above. As with GM's defenses, such determinations are better suited for summary judgment.

All that is required at this stage of the litigation is that a plaintiff "advance plausible allegations that she experienced discrimination because of her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). The EEOC has satisfied this burden. The EEOC alleges that GM adopted the Supplemental Agreement which reduces Sickness and Accident benefits for employees who receive an age-based government benefit (Filing No. 23 at 6). The EEOC alleges that GM knew the reduction specifically reduced the Sickness and Accident benefits of older employees but not younger employees because of their age. *Id*.

The EEOC alleges that employees aged 66 and older who receive full Social Security retirement benefits because of their age receive lesser Sickness and Accident benefits than similarly situated employees who, because of their age, either receive reduced Social Security retirement benefits or are not yet entitled to full Social Security retirement benefits. *Id*. at 9. Such allegations are sufficient at this stage to state a plausible claim for age-based discrimination under the ADEA. Accordingly, the motion to dismiss is **denied**.

### IV.      CONCLUSION

For the reasons discussed above, the GM's Motion to Dismiss (Filing No. 30), is **DENIED**. The EEOC's age-based discrimination claim may proceed.

**SO ORDERED**.

Date:     3/26/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey A. Macey
Macey Swanson LLP
jmacey@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Christina M. Mallatt
Ogletree Deakins
christina.mallatt@ogletree.com

Scott McLaughlin
Ogletree Deakins
scott.mclaughlin@ogletreedeakins.com

Alysia D Robben
U.S. Equal Employment Opportunity Commission
alysia.robben@eeoc.gov

Mark E. Schmidtke
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Valparaiso)
mark.schmidtke@ogletree.com